140 Broadway, Fl. 46
New York, NY 10005
www.gr-firm.com



Adrian Gucovschi, Esq.
Tel: (212) 884-4230
Email: adrian@gr-firm.com

March 24, 2025

The Honorable Nina Gershon
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Kelly v. Pixi, Inc.*, No. 1:24-cv-05635-NG-JRC

Dear Judge Gershon:

**A. Background.**  We write on behalf of Brian Kelly in this matter in opposition to Defendant's pre-motion conference letter (the "Letter" or "Ltr.").[1] On November 22, 2024, Plaintiff filed his first amended class action complaint ("Complaint" or "Compl.") against Defendant.[2] Since that time, the parties actively communicated about the case, including, but not limited settlement discussions regarding legal merits and an informal exchange of Defendant's sales figures. To that end, Plaintiff consented to four extensions to enlarge Defendant's deadline to respond to the Complaint.[3] Plaintiff has diligently worked to resolve, or at least narrow, the issues in this matter without the Court's intervention. Although the parties' settlement discussions lost momentum due to scheduling conflicts, including the Defendant's offshore location and the birth of the undersigned's baby, the parties have since re-engaged in those talks and believe that they will be able to come to an understanding. Notwithstanding the foregoing, Defendant Rule 12 Letter ignores Plaintiff's well-plead 34 counts and asks the Court to engage in an arduous standing analysis contrary to established Second Circuit case law.

**B. Factual Allegations.** Plaintiff's Complaint alleges that Defendant deceptively misrepresented that its Pixi "Collagen" cosmetics (the "Products") contain collagen—an animal-derived protein when, in fact, they are comprised of a synthetic ***imitation*** of collagen.[4] Defendant does not address Plaintiff's theory of deception. Instead, Defendant contends that Plaintiff lacks standing to bring claims under Rule 23 on behalf of the multi-state class and that the Court will ***become*** divested of its subject matter jurisdiction after first adjudicating the legal merits asserted in Plaintiff's Complaint. Defendant's attempt to improperly convert a Rule 12 motion into a ruling on a motion for class certification is wholly inappropriate.

**C. Legal Standard.** "The Second Circuit has made clear that 'as long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is proper for a class to include out-of-state, nonparty class members with claims subject to different state laws is a question of predominance under Rule 23(b)(3)' rather than an issue of Article III standing." *Rodriguez v. Walmart Inc.*, 2023 U.S. Dist. LEXIS 53253, at *16 (S.D.N.Y. Mar. 28, 2023)

---

[1] ECF No. 19.
[2] ECF No. 12.
[3] ECF Nos. 13, 14, 15, 16.
[4] Compl. at ¶¶ 1-3.



(quoting *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 93, 96 (2d Cir. 2018)).

**D. Arguments.** In its Letter, Defendant argues that Plaintiff lacks Article III standing to assert claims under Count V (California Business Code §17200); Count XII (ILCS 815 § 505/2); Count XIX (Minnesota Uniform Deceptive Trade Practices Act, § 325F.69); Count XXXII (Rhode Island General Laws §6-13.1-2); and Count XXXIV (Texas Business and Commerce Code §17.46). Ltr. at 2. Finally, Defendant contends that Count XIII (Indiana Code §24-5-0.5-3) should be dismissed because Plaintiff did not provide the required pre-suit notice. *Id.* at 3.

As a threshold matter, Defendant does not challenge that the Products are deceptively advertised or that Plaintiff's New York G.B.L. §§ 349, 350 are somehow defective. As such, Defendant has waived those arguments. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) ("Arguments not raised in the pre-motion letters or during the pre-motion conference shall be deemed waived."). Defendant also cherry-picks a few causes of action, while reserving its right to challenge the remainder, in an attempt to get an early ruling from the Court which it justifies due to "page constraints." Letter at 2. Defendant's letterhead occupies a quarter of the first page of the Letter, and it uses ample spacing, including its bullet point arguments, which act occupy a large portion of the second page. Finally, Defendant ends its Letter in the middle of the third page and uses unnecessarily large footnote branding. Had Defendant desired to challenge all of the counts that are purportedly defective, it had ample room to do so. At a minimum, Defendant could have included a footnote referring to the claims it seeks to challenge without citing case law. The Court should not condone this type of gamesmanship and should find that Defendant waived any further standing or pre-suit notice challenges.

Setting these issues aside, Defendant's standing arguments are expressly foreclosed in this Circuit. *Langan*, 897 F.3d at 93 ("As long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is proper for a class to include out-of-state, nonparty class members **with claims subject to different state laws** is a question of predominance under Rule 23(b)(3), not a question of 'adjudicatory competence' under Article III.") (emphasis added). Here, Defendant does not challenge that Plaintiff has, at minimum, stated a claim under New York G.B.L. §§ 349, 350. As such, any standing challenges should be resolved at the motion for class certification rather than on the pleadings. *Rodriguez*, 2023 U.S. Dist. LEXIS 53253, at *16-17 ("as explained above, the three named Plaintiffs have standing to bring their New York General Business Law claims against Walmart, so any variation in the analogous state consumer protection laws is a question reserved for the class certification stage. While Defendant protests that *Langan* is at odds with the Supreme Court's precedents…there is no basis to deviate from **the crystal clear Second Circuit precedent** established in *Langan*.") (emphasis added); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 159 (2d Cir. 2012) ("to establish Article III standing in a class action every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant") (cleaned up); *cf. Williams v. Binance*, 96 F.4th 129, 145 (2d Cir. 2024) ("the district court dismissed the claims asserted on behalf of absent class members under the Blue Sky statutes of states other than California, Florida, Nevada, Puerto Rico, and Texas, where the named Plaintiffs are from. Dismissal at this stage on this basis was improper.") (cleaned up).



      To the extent that Defendant urges this Court to ignore the Second Circuit's "crystal clear" precedent regarding its attacks on Plaintiff's standing, most of Defendant's arguments are better suited to be resolved at summary judgment. Indeed, presented with the identical arguments brought by Defendant, this Court held that whether various state consumer protection laws including "Colorado, Illinois, and Montana ban class actions…is a legal question common to all class members within each state…[that] is more appropriately resolved on summary judgment[.]" *In re Restasis (Cyclosporine Opthalmic Emulsion) Antitrust Litig.*, 335 F.R.D. 1, 38-39 (E.D.N.Y. 2020) (Gershon, J.). There is no reason for the Court to deviate from its previous ruling, which is in line with the overwhelming Court in this District who "routinely deny motions to strike asserted on the basis that inclusion of out-of-state class members would be improper." *Staubitz v. Arthrex, Inc.*, 2024 U.S. Dist. LEXIS 176217, at *11 (E.D.N.Y. Sep. 29, 2024) (collecting cases).

      Given the abundance of case law rejecting Defendant's procedurally premature attempt to adjudicate Plaintiff's class action standing, Plaintiff respectfully requests that the Court deny Defendant's request for a pre-motion conference at this time.

      Respectfully submitted,

      Adrian Gucovschi

cc: All counsel of record via ECF